UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MERRILEE H. KIELMANN,**

                    **Plaintiff,**

-vs-                                              **Case No.  6:06-cv-457-Orl-19KRS**

**NATIONAL FINANCIAL SYSTEMS, INC.,**

                    **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT AND REQUEST FOR ENTRY OF JUDGMENT (Doc. No. 42)** |
| **FILED:** | **September 21, 2007** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

    This case was brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

    On November 19, 2007, I held a hearing to consider the fairness of the settlement.  Counsel for Plaintiff Merrilee H. Kielmann explained that after receiving time sheets from Defendant National Financial Systems, Inc. (National) listing the hours worked by Kielmann, Kielmann determined that she was entitled to $1,433.10 in unpaid overtime wages and $567.80 in unpaid wages.  On September 21,

2007, National made an offer of judgment to Kielmann in the amount of $3,454.00. Doc. No. 42-2. As this amount was greater than the amount Kielmann would have arguably been entitled to, including liquidated damages, she accepted the offer. Accordingly, because Kielmann will receive all of the past due wages which she claimed to be due and owed, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Accordingly, I respectfully recommend that the Court approve Kielmann's acceptance of the offer of judgment, doc. no. 42, and leave the file open for thirty (30) days after ruling on this Report and Recommendation to allow the parties to determine the amount of attorney's fees to be paid to Kielmann's counsel or to file a motion for assessment of attorney's fees and costs. Thereafter, I recommend that the Court dismiss the case and direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy