**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MERRILEE H. KIELMANN,**

    **Plaintiff,**

-vs-                                            Case No. 6:06-cv-457-Orl-19KRS

**NATIONAL FINANCIAL SYSTEMS, INC.,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 48)
>
> **FILED:** December 6, 2007

**I.   PROCEDURAL HISTORY.**

On April 7, 2006, Plaintiff Merrilee H. Kielmann filed a complaint against National Financial Systems, Inc. ("National") alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. Doc. No. 1. On September 21, 2007, Kielmann filed a notice that she had accepted National's offer of judgment in the amount of $3,454.00, plus Keilmann's reasonable attorneys' fees and costs. Doc. No. 42. The Court determined that the offer of judgment was a fair and reasonable resolution of Keilmann's claims. Doc. No. 47.

On December 6, 2007, Keilmann filed her motion for attorneys' fees and costs when the parties were unable to agree as to the amount of fees. Doc. No. 48. In support of her motion, Keilmann filed the following documents:

- Plaintiff's Attorney Fee Affidavit by K.E. Pantas, doc. no. 33-3 (Pantas Aff.);
- Time sheets from the Pantas Law Firm (Time Sheets); and
- Affidavit of Expert as to Attorneys' Fees by Travis R. Hollifield (Hollifield Aff.).

Counsel for Keilmann stated that he had been unable to reach counsel for National before he filed the motion, but that he would file a supplemental notice of the outcome of the conference required by Local Rule 3.01(g). Keilmann did not file this supplemental notice. Accordingly, I issued an order directing National to respond to the motion on or before March 10, 2008. Doc. No. 51. No response has been filed, and the time for doing so has passed. Therefore, I recommend that the Court treat the motion as unopposed.

## II.   ANALYSIS.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the that act, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In the Case Management and Scheduling Order, the Court advised the parties that "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 30 at 5.

Because National has not responded to the motion, I **RECOMMEND** that the Court **GRANT** Keilmann's motion for attorneys' fees and costs as unopposed, and award Keilmann $8,755.00 for attorneys' fees. In making this recommendation, I do not find that either the billing rates or the hours

billed would be considered reasonable pursuant to a traditional analysis under *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir.1988).[1]  Because the costs sought in this motion are the same as those costs listed in the Proposed Bill of Costs that already have been taxed by the clerk, doc. nos. 49-50, I **FURTHER RECOMMEND** that motion be **DENIED** with respect to the request for an award of costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 14, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Indeed, my review of the time sheets reveals that some of the time claimed is administrative work that ordinarily is not performed by an attorney.  See Time Sheets, Rodak, 10/13/05, 3.2 hours.  Such administrative time normally is not compensable.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002).  Additionally, the time sheets reflect hours billed that an attorney using proper billing judgment would not bill to a client.  See Time Sheets, Lytle, 10/28/06, .2 hours; Lytle, 1/15/07, .2 hours; Cane, 7/11/07, .2 hours; Cane, 9/19/07, 2.0 hours; Pantas, 9/21/07, .1 hours.